and establish his special interest in the matter to be revised. That being done, he is entitled to a hearing. These petitioners have established such a special interest. The district judge ordered that all lienholders should be notified to appear and show cause why the prayer of the petition of the assignee should not be granted. The petitioners were lienholders. They were, therefore, proper persons to appear in the district court. They did appear, and become parties to the proceeding, although not named. Their interests are directly affected by the order which has been made, and they may ask to be relieved against it.

The order of the district court is reversed. If the assignee still considers that it will be for the interest of the general estate to have a sale of the property free of incumbrances, he can commence his proceeding again, making the necessary parties, and, upon a proper showing, obtain his order. All we decide now is that, upon the petition in its present form, and with the showing that has been made, the order of the 19th February ought not to have been passed, and we are satisfied that, if the district judge had known the facts disclosed in the petition and answer filed with us, at the time he made his order, we should not have been called upon to revise his action.

NOTE. Some months previously to this decision of the chief justice, and but a few weeks after Judge Hughes came upon the bench, he had established as rules of practice in bankruptcy the following regulations (see Rules of Practice in Bankruptcy [Fed. Cas. Append.] 2 Hughes 554, 555):

· Petitions by assignees or creditors to sell real estate free from incumbrances, and to transfer the liens from the realty to the fund in court, shall be filed before the court, and an order to show cause may be issued notifying all creditors claiming liens on the said real estate to appear before the register on some day in such order named. A copy of such order shall be served on each of the creditors at least ten days before the day of appearance, unless notice by publication or mail be ordered by the court, instead of personal notice.

Sales of real estate free from all incumbrances will not be ordered unless all liens on the property shall have been previously ascertained, with their priorities, etc.

This decision was rendered before the passage of the Revised Statutes of the United States, on June 20, 1874, containing section 711, cl. 6 [18 Stat. 115], operating in connection with section 4972, cls. 3, 4.

---

## Case No. 13,737.

### TALLAHASSEE v. NEWBY.

[This case was decided by the court of appeals of Florida, and is reported in 3 N. Y. Leg. Obs. 110.]

TALLAPOOSA CO. (SMITH v.). See Cases Nos. 13,113 and 13,114.

TALLEY (HEAD v.). See Case No. 6,293.

---

## Case No. 13,738.

### In re TALLMADGE.

[Betts' Scr. Bk. 109.]

District Court, S. D. New York. Dec., 1842.

#### BANKRUPTCY PROCEEDINGS—PARTIES.

[The stockholders of a creditor bank are not parties in interest, so as to be entitled to object to a decree.]

[In the matter of David B. Tallmadge, a bankrupt.]

Objections were interposed to a decree by the stockholders of the North American Trust & Banking Company, and the petitioner objects to such objections being received, on the ground that the stockholders of a creditor bank are not persons in interest.

BETTS, District Judge, said: The court has on several occasions been called upon to consider the effect of the clause "others in interest" used in the bankrupt act, and determine whether particular classes of persons were comprehended within it, and has held that it is of broader signification than the term "creditors." It has never, however, been understood to reach beyond interests, then in esse, which, without change of parties, or their relationship to each other, might arise and be recognized in law as entitled to a remedy and protection in the courts. Imaginary and merely possible cases cannot be regarded as contemplated or provided for in that phrase. For instance, the legal heirs of a creditor, during his life, could not be recognized as persons in interest, because of the. possibility of a failure of a future right to the debt. It must relate to those rights actually existing which may afford the basis of a remedy by course of law, without the accession of any additional title or authorization,—such as the right of cestuis que trustent to a debt made payable to a trustee or agent of heirs at law, and claims represented by executors, administrators, etc. The debt due a bank is due to the corporate person absolutely, and can only be represented or claimed by such corporation. There is no authority, express or implied, with the individual stockholders, and no power in them to act with respect to the debt, otherwise than through their corporate representation. Such individuals cannot, accordingly, be allowed to interpose and contest a bankrupt's proceedings, because of that corporate debt.